Covenant.

## Commonwealth for Toulman *et ux. vs* Heaveren *et al.*

Case 53.

APPEAL FROM THE BRACKEN CIRCUIT.

*Legacy and legatee. Executor. Chattles.*

October 30.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE single question brought up for decision in this case is, whether an action of covenant can be maintained against an executor, for a breach of one of the express conditions of his fiducial bond, in unreasonably withholding from the relator a specific legacy?

Executor becomes vested by law with all testator's chattles for the payment of debts and legacies.

As the law vests the title to all the testator's chattles in his executor, as a trust fund, for the payment of his debts and legacies, the right of a legatee to a chattle, specifically bequeathed, is merely equitable and contingent, depending on the executor's consent, which a court of equity alone can compel him to give.

No action at law can be maintained for the recovery of either a specific or pecuniary legacy until executor has waived his prior right thereto.

And, therefore, no action at law can be maintained for the recovery of either a specific or pecuniary legacy, until the executor shall have waived his prior right thereto, and thus passed the *legal* title to the legatee. But even according to the common law, a legatee who, by the executor's assent or otherwise, has acquired a legal right to the thing specifically bequeathed, may recover it, in an action of *detinue*, from the executor himself, or if there had been a promise to deliver it to the legatee, he may recover the value of it in damages in an action for the breach of that undertaking.

At common law legatee may recover damages against executor

Then, upon common law principles, a legatee may maintain an action against a recusant executor for damages for a breach of his express covenant to pay the legacy,

even though he could not, in an action of *detinue,* recover the specific thing bequeathed.

One of the conditions of an executorial bond, as prescribed by our local law, is that the executor shall pay all legacies as far as assets may enable him. And surely an action may be maintained for damages for a breach of that express covenant, as well as for any breach of any other species of covenant; and in such an action, the *value* of the legacy may be recovered in damages.

But to remove all doubt, the Legislature has expressly authorized a suit for any breach of an executor's bond; *Stat. Law,* 660. And, of course, this suit may be an action at law, as this Court has often and with unquestionable propriety, hitherto decided: See *Jackson et al.* vs *The Bourbon Justices,* 2 *Bibb,* 292, and *Moore* vs *Waller's heirs,* 1 *Marshall,* 489.

It is, therefore, considered that the judgment of the Circuit Court be reversed and the cause remanded, with instructions to overrule the demurrer to the declaration.

*W. C. Marshall* for appellant; *Payne & Waller* for appellees.

for violating his express covenant in his executorial bond to pay the legacy, and in such action may recover damages equal to the legacy. So by statutes.